NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEVIN OMAR GALVEZ-RODAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.  17-72973

Agency No. A206-793-054

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2022[**]
San Francisco, California

Before: GOULD and RAWLINSON, Circuit Judges, and ADELMAN,[***] District
Judge.

Petitioner Kevin Galvez-Rodas ("petitioner") seeks review of a final order

from the Board of Immigration Appeals ("BIA") denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

withholding of removal and relief under the Convention Against Torture ("CAT"). Petitioner claims that if he is returned to Guatemala, he faces persecution on account of a protected ground, that his life or freedom would be threatened on account of a protected ground, and that he would be more likely than not to be tortured. We have jurisdiction under 8 U.S.C. § 1252(b). We deny the petition.

We review factual findings related to an applicant's eligibility for asylum, withholding of removal and CAT protection under the substantial evidence standard. *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). Regarding the asylum and withholding of removal claims, petitioner challenges the BIA's determination that he did not establish a nexus between his claimed persecution—attempted recruitment by and physical harm at the hands of gang members in Guatemala—and a protected ground. Regarding his application for protection under the CAT, petitioner challenges the BIA's determination that any past or future harm was not more likely than not to have occurred or to occur with the acquiescence or consent of the government.

Substantial evidence supports the BIA's dismissal of petitioner's asylum claim on lack-of-nexus grounds. The nexus requirement for an asylum claim is satisfied if the petitioner proves that a protected ground is one central reason for the feared persecution. *Parussimova v. Mukasy*, 555 F.3d 734, 740 (9th Cir. 2009). The BIA properly found that the petitioner was targeted for recruitment by gang members

2

solely out of a desire to fill their ranks. Resistance to gang recruitment is not a protected ground. *See Barrios v. Holder*, 581 F.3d 849, 855-56 (9th Cir. 2009).

Substantial evidence also supports the BIA's dismissal of petitioner's withholding of removal claim on lack-of-nexus grounds. The nexus requirement for a withholding of removal claim is satisfied if the petitioner proves that a protected ground is "a reason" for the feared persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017). The BIA properly found that the petitioner was targeted for recruitment by gang members solely out of a desire to fill their ranks. Resistance to gang recruitment is not a protected ground. *See Barrios*, 581 F.3d at 855-56. Although the BIA incorrectly applied the "one central reason" standard to withholding of removal, remand is not necessary because the BIA adopted the Immigration Judge's finding of no nexus between past or future harm and a protected ground. *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019).

Substantial evidence also supports the BIA's determination that petitioner did not qualify for relief under the CAT. To obtain protection under the CAT, the applicant must show that he is more likely than not to be tortured by or at the instigation of the government or with the government's consent and acquiescence if he is returned to his home country. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078-79 (9th Cir. 2015). The BIA properly found that any past or future harm suffered by petitioner was not more likely than not to have occurred or to occur with

3

the acquiescence or consent of the government. *See Andrade-Garcia v. Lynch*, 828

F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part

to investigate and prevent crime will not suffice to show acquiescence.").

For these reasons, we deny the petition for review.

**DENIED.**